IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE V. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1770 |
| | ) |
| NORTHWESTERN HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendant filed a Motion to Dismiss the entirety of Plaintiff's Complaint. (Docket No. 4). Plaintiff filed a Memorandum in Opposition. (Docket No. 7). After careful consideration of the submissions of the parties, said Motion (Docket No. 4) is granted in part and denied in part as more fully set forth below.

### I. BACKGROUND

Plaintiff, Catherine V. Lee, filed a four count Complaint against her employer, Northwestern Human Services, Defendant. (Docket No. 1). Count I is a claim of race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Count II is a claim for intentional infliction of emotional distress. Count III is a claim for age discrimination pursuant to the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* Count IV is a claim that Plaintiff was subjected to a sexually hostile work environment presumably pursuant to Title VII. Defendant asserts that Counts I and III should be dismissed because Plaintiff has failed to allege that Defendant engaged in state action and because Plaintiff has failed to show that she possesses an enforceable private right under 42 U.S.C. §1983. (Docket No. 5, pp. 13-20). Defendant further asserts that Count II should be dismissed for failure to allege a physical injury and because the Workers' Compensation Act, 77 Pa.C.S.A. §481, bars a claim by an employee against an employer for intentional infliction of emotional distress. Finally, Defendant asserts that Count IV should be dismiss for failure to exhaust administrative remedies. Plaintiff, through her counsel, responded by filing, in essence, a five (5) page brief in opposition. (Docket No. 7). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

In deciding a motion to dismiss, the Court must accept all the factual allegations as true, and must view the complaint in a light most favorable to the plaintiff. *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 664-65 (3d Cir.1988), *cert. denied*, 489 U.S. 1065 (1989). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff fails to offer any factual basis to support its allegations. *Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assoc., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). In ruling on a motion for failure to state a claim, I must look to whether the pleaded facts are sufficient to determine that the complaint is not frivolous and

provides defendants with adequate notice to frame an answer. *Colburn*, 838 F.2d at 666.

While the Court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1997). In addition, the information plaintiff supplies must be sufficient to outline the elements of the claim, or to permit the inference that these elements exist. *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). With this standard in mind, I now turn to the issues in this case.

### B. Count I - Race Discrimination and Count III - Age Discrimination

Defendant asserts that Counts I and III should be dismissed for failure to state a valid §1983 claim. (Docket No. 5, pp. 13-20). Specifically, Defendant asserts that Plaintiff's Complaint might be attempting to assert causes of action under §1983. In response to the Motion to Dismiss, Plaintiff does not address the §1983 issue or attempt in any way to cure the obviously insufficient pleading to allege that Defendant is a state actor. To the contrary, in response, Plaintiff sets forth the elements for a *prima facie* case of a Title VII violation and an ADEA violation. After a review of the Complaint and Plaintiff's Memorandum in Opposition, I find that Plaintiff's Complaint, as it now stands, is not asserting any cause of action under §1983. Consequently, Defendant's Motion to Dismiss is denied as moot.

Defendant has not, and I will not *sua sponte*, address the viability of Plaintiff's Title VII and ADEA claims. As a result, these claims survive.

## C. Count II - Intentional Infliction of Emotion Distress ("IIED")

Defendant asserts that Count II of Plaintiff's Complaint should be dismissed for two reasons: 1) Plaintiff has failed to allege a physical injury; and 2) the claim is barred by Pennsylvania's Workers' Compensation Act "WCA." (Docket No. 5, pp. 10-13). Plaintiff's Brief in Opposition fails to address these arguments. *See,* Docket No. 7. Defendant is correct that a claim for IIED must allege a physical injury. *Rolla v. Westmoreland Health Sys.*, 651 A.2d 160, 163 (Pa. Super. 1994), *quoting,* " *Hart v. O'Malley,* 647 A.2d 542, 554 (Pa. Super. 1994)("[I]t is clear that … in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury."); *Atkinson v. City of Phil.*, Civ. A. No. 99-1541, 2000 WL 793193, *6 (E.D. Pa. June 20, 2000), *quoting Corbett v. Morgenstern,* 934 F.Supp. 680, 684 (E.D.Pa.1996) ("A plaintiff must allege a 'physical injury, harm, or illness caused by the alleged outrageous conduct.'") A review of Plaintiff's Complaint reveals that Plaintiff has failed to allege a physical injury. Thus, a dismissal of Plaintiff's IIED claim on this ground alone is warranted.

A dismissal of Plaintiff's IIED claim is further warranted based on the WCA. The WCA is the exclusive remedy for employees who are injured in the course of their employment. 77 P.S. §481.[1] The Pennsylvania Supreme Court has held that this

---

[1]Section 481 provides, in pertinent part, as follows:

**§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or

4

includes intentional acts. *See, Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 551 (1987); *Danese v. Morrison-Knudsen/Slattery*, 784 F.Supp. 228, 229 (E.D. Pa. 1992). Since Plaintiff alleges that the actions taken by her employer caused her emotional injury, I find that it is barred by the exclusivity provision of the Pennsylvania WCA. 77 P.S. §481. Consequently, Defendant's Motion to Dismiss Count II (Intentional Infliction of Emotional Distress) of Plaintiff's Complaint is granted.

### D.  Count IV - Sexually Hostile Environment

Finally, Defendant asserts that Plaintiff's sexually hostile environment claim should be dismissed for failure to exhaust administrative remedies. (Docket No. 5, pp. 6-10). "Federal courts lack jurisdiction to hear Title VII claims unless a claim was previously filed with the EEOC." *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990), *citing Alexander v. Gardner Denver Co.*, 94 S.Ct. 1011, 1019 (1974).

> The relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.

*Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). In other words, if the Plaintiff filed a charge with the EEOC alleging a sexually hostile work environment or if the EEOC investigated the same with regard to Plaintiff's case, then this Court has jurisdiction to hear said claim.

A review of the charge of discrimination reveals, and Plaintiff essentially

---

occupational disease as defined in section 108.

77 P.S. §481(a) (footnotes omitted).

admits (Docket No. 7, p. 2), that she did not allege a sexually hostile environment. *See,* Docket No. 5, p. 24. Furthermore, Plaintiff admits that no investigation was conducted regarding a sexually hostile environment. (Docket No. 7, p. 2). Since there was no claim of or any investigation into a sexually hostile environment, this Court lacks jurisdiction to hear this claim.

Plaintiff argues, however, that there was no investigation regarding any of her claims, and if one had been conducted, then a sexually hostile environment would have been fairly within the scope of the investigation. *Id.* I disagree. The Charge of Discrimination merely alleges race and age discrimination. Specifically, Plaintiff's Charge states as follows:

> 1. During the course of my employment as a Team Associate, I was subjected to harassment in the workplace. Some examples of this included being referred to as "old 60 year old black woman", by Beth Knopp, Coordinator. On or about October 20, 2004, I was falsely accused of not counting meds the night before. Additionally, I was subjected to performing extra duties when assigned to work midnight shift, and I was not permitted to red circle medication errors made by other staff. I was assigned less favorable working schedules than the other Team Associates. Due to all of the above, I could no longer tolerate the working conditions and I resigned my position on February 13, 2005.
>
> 2. Respondent policy was that anyone working a midnight shift was to write-up an incident report if a medication error was found, and then fax it to respondent's Penn Hill Office.
>
> 3. I believe I was discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age, 60, in violation of the Age Discrimination in Employment Act of 1967, as amended, in that I was singled out and treated less favorably than the other six Team Associates. I was the only black Team Associate and was the oldest.

(Docket No. 5, p. 24). Thus, even if there is support for the theory that absent an investigation this Court must consider what would have been part of the investigation, which I have not found, the facts as supplied by Plaintiff cannot be reasonably read to be within the scope of a race and age discrimination claim. I note that the party asserting the existence of federal court jurisdiction bears the burden of proving that jurisdiction over his claim actually exists. *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 (3d Cir. 1982); *Shepherdson v. Local Union No. 401*, 823 F.Supp. 1245, 1248 (E.D. Pa. 1993). Plaintiff has failed to prove that the Court has jurisdiction over this count. Therefore, Defendant's Motion to Dismiss Plaintiff's sexually hostile environment claim (Count IV) is granted.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE V. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1770 |
| | ) |
| NORTHWESTERN HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **28th** day of June, 2006, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion, it is ordered that Defendant's Motion to Dismiss (Docket No. 4) is granted in part and denied in part as follows:

1. Defendant's Motion to Dismiss Counts II and IV is granted and Counts II and IV are dismissed from the Complaint.

2. Defendant's Motion to Dismiss Counts I and III is denied as moot since Plaintiff's Complaint is not asserting claims under §1983. Counts I and III survive Defendant's Motion to Dismiss as claims brought pursuant to Title VII (Count I) and the ADEA (Count III).

An initial case management conference is scheduled for Friday, August 4,

2006, at 1:45 P.M. before the undersigned on the Third Floor, Suite 3280 of the U.S. Post Office & Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Counsel shall have settlement authority and parties must be available by telephone.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge