IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE V. LEE, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 05-1770 |
| NORTHWESTERN HUMAN SERVICES | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

In this civil action, Plaintiff alleges race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.,and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq.[1]  Before the Court is Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).  Defendant asserts that Plaintiff's Complaint fails, as a matter of law, to allege that she suffered any adverse employment action or constructive discharge.

"The standard applied to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss."

---

[1] Previously, by Order dated June 28, 2006, I rejected Defendant's argument that Counts I and III of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a valid claim under 42 U.S.C. § 1983.  Instead, I found that Plaintiff did not assert any such cause of action.  I did not, therefore, rule on the contentions now raised for the first time.

Haynes v. Metro. Life Ins. Co., 94 Fed. Appx. 956, 958 (3d Cir. 2004).  In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  I will dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957).  In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."  Colburn, 838 F. 2d at 666.  Complaints "need not plead law or match facts to every element of a legal theory."  Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).

Defendant argues that Plaintiff fails to state a claim, because her allegations are insufficient, as a matter of law, to state a constructive discharge or adverse employment action.  In order to establish a constructive discharge, a Plaintiff must show working conditions "so intolerable that a reasonable person subject to them would resign." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1084 (3d Cir. 1996). I note, too, that an undesirable change in duties or schedule may constitute an adverse employment action for purposes of Title VII.  See, e.g., Woodard v. PHB Die Casting, No. 04-141, 2005 U.S. Dist. LEXIS 28673, at **19-20 (W.D. Pa. Nov. 18, 2005).

Here, Plaintiff alleges odd and split working shifts instead of the steady turn promised her, false accusation that she counted medications incorrectly, the receipt of additional and unfavorable duties, and the reference to her as a "sixty year old

black woman" in a "derogatory context" on more than one occasion.  Under applicable liberal standards, these allegations are sufficient to state a claim as it relates to constructive discharge and adverse employment action.  In other words, I am not persuaded that Plaintiff can prove no set of facts in support of her claim.  Therefore, I will deny Defendant's Motion.

THEREFORE, this **16th** day of January, 2007, it is ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge